**No. 55543.**—Allied Basket Co., Inc., et al. *v.* United States, protests 165192–K, etc. (New York).

Opinion by MOLLISON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 55544.**—C. H. Powell Company, Inc. *v.* United States, protest 169867–K (New York).

Opinion by MOLLISON, J. Following the authorities cited in Abstract 15400 the court dismissed the protest.

BEFORE THE SECOND DIVISION, MAY 15, 1951

**No. 55545.**—Croton Watch Co., Inc., et al. *v.* United States, protests 111689–K, etc. (New York).

Opinion by LAWRENCE, J. It was stipulated that the items of merchandise marked "A" or "B" on the invoices consist of watch movements similar in all material respects to those which were the subject of *United States* v. *Helbros Watch Co. et al.* (38 C. C. P. A. 1, C. A. D. 430). Upon the agreed statement of facts and the cited authority, the items marked "A" were held properly dutiable at the base rate of 90 cents each as watch movements more than 1 inch but less than 1.77 inches wide, and the items marked "B" were held dutiable at $1.20 each as watch movements more than 9/10 of 1 inch but not more than 1 inch wide under paragraph 367 (a) (1), as modified, *supra*.

**No. 55546.**—Illinois Merchandise Co. et al. *v.* United States, protests 118202–K, etc. (New York).

Opinion by LAWRENCE, J. It was stipulated that the items of merchandise marked "A" or "B" on the invoices consist of watch movements similar in all material respects to those which were the subject of *United States* v. *Helbros Watch Co. et al.* (38 C. C. P. A. 1, C. A. D. 430). Upon the agreed statement of facts and the cited authority, the items marked "A" were held properly dutiable at the base rate of 90 cents each as watch movements more than 1 inch but less than 1.77 inches wide, and the items marked "B" were held dutiable at $1.20 each as

watch movements more than $\frac{9}{10}$ of 1 inch but not more than 1 inch wide under paragraph 367 (a) (1), as modified, *supra.*

**No. 55547.**—Louis Aisenstein & Bros. et al. *v.* United States, protests 116512–K etc. (New York).

Opinion by LAWRENCE, J. The protests were dismissed.

**No. 55548.**—Jacques Artel et al. *v.* United States, protests 157726–K, etc. (New York).

Opinion by RAO, J. The protests were dismissed.

**No. 55549.**—Chas. H. Demarest, Inc. *v.* United States, protest 159395–K (New York).

Opinion by RAO, J. The protest was dismissed.

**No. 55550.**—Oxford University Press, N. Y., Inc. *v.* United States, protest 169500–K (New York).

Opinion by RAO, J. The protest was dismissed.

BEFORE THE THIRD DIVISION, MAY 15, 1951

**No. 55551.**—General Shipping & Trading Co. and Westergaard Berg Johnsen Co. *v.* United States, protests 92089–K and 891747–G (New York).

Opinion by CLINE, J. It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269. In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the foreign substance covering the cheese. The protests were sustained to this extent.

**No. 55552.**—Rinaldi Bros. & Co. *v.* United States, protest 169167–K (New York).

Opinion by CLINE, J. In accordance with stipulation of counsel that the merchandise consists of chestnuts similar in all material respects to those the subject of *Naumes Forwarding Service* v. *United States* (24 Cust. Ct. 93, C. D. 1214), the claim for free entry under paragraph 1646 was sustained.

**No. 55553.**—Quon Quon Company *v.* United States, protests 151088–K, etc. (Los Angeles).

Opinion by CLINE, J. In accordance with stipulation of counsel that the merchandise consists of silent butlers, composed wholly or in chief value of brass,